## ENOS STEWART *vs.* LEWIS CLARK.

On a writ of entry to foreclose a mortgage, the conditional judgment is not confined to the amount that was due on the mortgage at the commencement of the action, but is to include all that has become due and payable at the time of entering the judgment.

When the condition of a bond is, that the obligor shall pay all the just debts which the obligee "now owes," an omission to pay, at maturity, a note given by the obligee, is a breach of the condition, although the holder of the note does not demand nor desire payment. It is also a breach of such condition, if the obligor omit to pay, within a reasonable time, a sum due by the obligee, by way of contribution to his co-contractors, in an agreement made by him and them with another party, before he took the obligor's bond, although his liability to contribution, and the amount thereof, were not ascertained until after the bond was given.

In a writ of entry to foreclose a mortgage conditioned to perform an obligation entered into by the mortgagor, to pay all the mortgagee's debts, one allegea breach of the condition was, that the obligor had omitted to pay a sum due from the mortgagee, by way of contribution to his co-contractors, in an agreement made by him and them with a third party, before the mortgage was given. *Held,* that these co-contractors were competent witnesses for the mortgagee, to prove their claims on him for contribution.

When a writ of entry is brought, under Rev. Sts. *c.* 107, to foreclose a mortgage given to secure the performance of various acts, from time to time, other than the payment of money, the court, in order to accomplish the purposes of the mortgage, is authorized to enter any decree, from time to time, *toties quoties,* which may be made in a suit in equity, and to issue any process to carry such a decree into effect.

WRIT OF ENTRY, commenced in the court of common pleas, November 15th 1841, to foreclose a mortgage of land in Colerain. At the March term of that court, in 1844, upon a suggestion that the tenant had taken advantage of the insolvent law, it was ordered that his assignee should come in, at the next term, and defend this action. At the March term 1846, the tenant was defaulted, and said court, by consent of

parties, appointed an auditor " to assess damages for a conditional judgment." The auditor made the following report :

" The demandant claims that the conditional judgment shall be entered for various alleged breaches of a bond given, July 1st 1839, by the tenant to the demandant. The conditions of the bond may be stated briefly, as follows : 1st. The tenant is ' to pay all the just debts of the said Enos, that he now owes.' The demandant claims damages for two breaches of this condition, namely, *first*, for the non-payment of three notes given by the said Enos to Cornelius Putnam, and by him assigned (together with a mortgage for security) to Joseph Barber. The notes are dated September 20th 1838, for $100 each, with yearly interest, which interest has been paid to September 20th 1845. Two of the notes fell due before the commencement of this suit, and one since. There will be due on each note, on the 10th of August 1846, $105·33½ ; on all, $316. And judgment is to be entered for that sum, unless the court are of opinion that the following objections, reserved at the request of the tenant, are wholly or partially fatal ; in which case the judgment is to be conformed to the views of the court. 1st objection. The tenant proved that neither the payee nor his assignee ever demanded the principal due on the notes, and that the assignee now only wishes for his yearly interest. 2d. That the demandant has no right to damages, until he has paid, or is sued for the same. 3d. That he is not entitled, in any event, to a judgment upon the note not due at the date of the writ. The demandant claims damages for a *second* breach, by the non payment of a debt due from him to Jesse Nelson and Amos Stewart, of $81·72, with interest from November 1st 1841, upon the following grounds : The parties above named, with some others, on the 29th of December 1836, entered into a bond (given to the town of Colerain and Leyden) to construct a public highway. Afterwards, they appointed Amos Stewart and Jesse Nelson their agents to receive the funds and pay out the same, and make all necessary contracts for the building of the road. When the road was completed, an

account was rendered of the receipts and expenditures to November 1841, and a loss shown, which, divided by the seven bondsmen liable, left a loss upon each of $81·72. The auditor awards damages for this sum, with interest to August 10th 1846, amounting, in all, to $105·12, subject to the opinion of the court upon the following objections made by the tenant: 1st. The tenant is insolvent, and has obtained his discharge, and is therefore not liable.   2d. There is no covenant in the bond for a mutual contribution, and therefore the demandant is not liable.   3d. The paper, certifying that Amos Stewart and Jesse Nelson had been appointed agents, is dated September 20th 1841, and the tenant's liability is created by that paper, if liable at all; therefore it was not a debt owing at the time the tenant's bond was given to the demandant, to wit, July 1st 1839.   This debt of $81·72 is proved mainly by the testimony of Amos Stewart and Jesse Nelson.   They were admitted to testify, on the ground that they were not interested in the event of the suit, although interested in the question.   It was suggested in argument, that the decree for conditional judgment must order the tenant to pay the sum of $81·72 to Amos Stewart and Jesse Nelson.   If so, are they not incompetent to testify?   If they are, then there is no evidence of the demandant's indebtedness.   This difficulty in the auditor's mind he presents for the consideration of the court.

" The *second* obligation for the payment of money, included in the condition of the aforesaid bond, is, that the tenant is to pay the demandant ten dollars annually, for expense money. The auditor reports five instalments due, and interest, amounting to $56·30, subject to the tenant's objection, that breaches of the bond, subsequent to the date of the writ, are not recoverable.

" The *third* obligation (not for the payment of money) included in the condition of said bond, is, *first*, to keep a horse for the demandant, during his life.   The auditor allows, for breach of this obligation, $20.

" The *fourth* obligation is, to support the demandant, ' at

Stewart *v.* Clark.

the place where he now lives, with all necessary victuals, drinks, lodging, clothing, nursing and doctoring, and all which is to be done in good season and good order.' The auditor allows $40, for breaches of this obligation — subject to the objection, that such breaches were since the date of the demandant's writ.   The whole sum allowed is $537·42."

The court of common pleas, at August term 1846, ordered conditional judgment to be entered for the demandant for the said sum of $537·42.   From this decision the tenant appealed.

*H. G. Newcomb*, for the tenant.   There is no breach of the condition of the bond, by reason of the non-payment of the notes which the holder does not wish to have paid.   The sum claimed as due to A. Stewart and J. Nelson was not legally proved by their testimony; they being directly interested.   Besides; the tenant is discharged by the insolvent law, and the debt is not due from the demandant himself. The bond, which he and others executed to the towns of Colerain and Leyden, contained no contract for contribution between the obligors.   At any rate, this sum of $81·72 was not a debt of the demandant when the tenant's bond to him was given.   The sums allowed by the auditor, on the demandant's third note, and for breach of obligation concerning the horse, and the demandant's support, should not be included in the conditional judgment, because there was no legal claim therefor until after this suit was commenced.

*Davis*, for the demandant.   The demandant is to have conditional judgment for such sum as "*is due*" to him, when the judgment is entered, and not for the sum that *was due* at the commencement of the suit.   Rev. Sts. c. 107, § 5. *St.* 1785, c. 22, § 1.   See *Saunders* v. *Frost*, 5 Pick. 259. *Mann* v. *Richardson*, 21 Pick. 355.   *Austin* v. *Austin*, 9 Verm. 420.   *Eastabrook* v. *Moulton*, 9 Mass. 258.   *Adams* v. *Essex*, 1 Bibb, 150.   *Brooks* v. *Moody*, 20 Pick. 474. *Tufts* v. *Adams*, 8 Pick. 547.   *Donahoe* v. *Emery*, 9 Met. 68.   *Wilder* v. *Whittemore*, 15 Mass. 262.

The tenant, by leaving the demandant exposed to a suit on the notes, committed a breach of the condition of his

obligation to pay them. *Shaw* v. *Loud,* 12 Mass. 447. Yelv. (Amer. ed.) 207, *&* note.

The tenant's discharge under the insolvent law does not discharge the demandant's security under the mortgage. The demandant's creditors might enforce their claims, by bringing a bill in equity against the tenant.

The debt of $81·72 is within the condition of the tenant's bond to the demandant. The demandant's liability to his co-obligors on their bond to the towns of Colerain and Leyden was incurred at the time when that bond was executed, and the implied promise to contribute to any loss that might be sustained is to be considered as made at the same time. *Appleton* v. *Bascom,* 3 Met. 171. And as the tenant did not pay this debt within a reasonable time, there is a breach of the aforesaid condition. See *White* v. *Snell,* 5 Pick. 425. *Tucker* v. *Maxwell,* 11 Mass. 145, 146.

A. Stewart and J. Nelson were competent witnesses. Their testimony did not put them in any new and more favorable position, than that in which they stood before they testified. *Bliss* v. *Rice,* 17 Pick. 39.

SHAW, C. J. The demandant is entitled to a special conditional judgment, so framed as to secure his rights as mortgagee, according to the principles settled by the report of the auditor. By the Rev. Sts. *c.* 107, §§ 5, 6, the court are not confined to the entry of a conditional judgment in those cases only in which the payment of money is the condition. By § 6, if the doing of a collateral thing, other than the payment of money, is the condition, "the court shall vary the terms of the judgment, as the case may require." And by § 29, it is provided, that "in all suits, brought under the provisions of this chapter" (*c.* 107,) "either for the redemption of mortgaged premises, or for the purpose of foreclosing the right of redemption, the court shall have power, as to all things not provided for" in said chapter, "to make such order, judgment, or decree, as justice and equity may require, and to issue such process as may be necessary or proper, according to the course of proceedings in chancery." This,

in terms, extends not only to a bill in equity to redeem, but to the special action, in the form of a common law action, by writ of entry, given to a mortgagee, and assignee of a mortgage, to foreclose. And these special provisions as to the judgment give to this special writ of entry nearly all the attributes of a suit in equity. The most common case of a mortgage is that when it is given to secure the payment of a sum of money; and then a simple conditional judgment, in the usual form, is all that is necessary. But when, as in this case, a mortgage is given to secure the payment of money, and the performance of various duties from time to time, extending perhaps to the mortgagee's whole life, the provision in question will authorize the court to enter any decree, from time to time, *toties quoties*, which might be made in an equity suit, in order to accomplish the purposes of the mortgage, and to issue any process to carry such a decree into effect.

The following decree was made by the court:

"It is now ordered and decreed, that the conditional judgment provided by statute be entered up in manner following: That unless the said defendant pay to the said plaintiff, with interest and costs, within two months, two hundred and twenty one dollars and forty two cents, and also pay to Joseph Barber, or any other person being the lawful indorsee and holder of the three notes hereinafter mentioned, the sum of three hundred and sixteen dollars, and interest, being the amount of three promissory notes, as follows;" (particularly describing the three notes mentioned in the auditor's report, payable to Cornelius Putnam, or order;) "and file, in the office of the clerk of our court for the county of Franklin, evidence of the cancelling of said notes, then our writ of execution to issue, &c. according to law, &c. And it is further ordered and decreed, that in case the aforesaid condition be complied with, and the sums therein mentioned paid, within two months from the time of rendering this judgment, the said mortgage, so far as it stands for security for any debt to be paid, or duty to be done, by the said Lewis Clark, up to the

33 *

time of the rendition of this judgment, shall be wholly discharged; but so far as it stands as a security for any debt to be paid, or duty to be done, after the rendition of this judgment, the same shall remain in full force."